IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAYMOND F. HEDGER, II,

    Plaintiff,

                              Civil Action 2:10-cv-1026
    v.                      JUDGE GREGORY L. FROST
                              Magistrate Judge E.A. Preston Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER**

    Plaintiff, Raymond F. Hedger, II, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the Court for consideration of the February 13, 2012 Report and Recommendation of the United States Magistrate Judge (ECF No. 22), Plaintiff's Objections to the Report and Recommendation (ECF No. 15), and the Commissioner's Response to Plaintiff's Objections (ECF No. 23). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

I.

    If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.

R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge.  In his Objections, Plaintiff submits the same arguments as he did in his Statement of Errors.  Specifically, he again advances the following three arguments in support of

reversal: (1) the administrative law judge ("ALJ") erred in failing to accord sufficient weight to his treating medical sources; (2) the ALJ erred in failing to properly evaluate the evidence in support of Plaintiff's claim; and (3) the ALJ erred in failing to accurately describe all limitations to the vocational expert ("VE") in the hypothetical questions.

With regard to his first two assertions of error, the Court finds Plaintiff's objections unpersuasive, as they track the contentions within his Statement of Error and do not attempt to engage the Magistrate Judge's analysis. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted). For example, in his Objections, Plaintiff argues as he did in his Statement of Errors that the opinions of his therapist, Ms. Huggins, are entitled to controlling weight and subject to the good reason rule set forth in *Wilson v. Comm'r of Soc. Sec*, 378 F.3d 541, 544 (6th Cir. 2004). The Magistrate Judge rejected Plaintiff's contention, explaining as follows:

> The undersigned likewise concludes that the ALJ did not err in discrediting Ms. Huggins' opinions. Contrary to Plaintiff's assertion, Ms. Huggins, a licensed social worker, does not qualify as a treating source. "The agency's regulations limit treating sources to 'acceptable medical sources,' 20 C.F.R. § 404.1502, the definition of which does not include mental health counselors . . . ." 20 C.F.R. § 404.1513(a). *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011). Thus, Ms. Huggins' opinions are not entitled to any particular weight. *See* 20 C.F.R. §§ 404.1513(a), (d), 416.913(a), (d). Ms. Huggins is, however, a valid "other source" whose opinion is entitled to consideration due to her expertise and treatment relationship with Plaintiff. *See* 20 C.F.R. § 404.1513(d)(1).

(Report and Rec. 17, ECF No. 22.) Plaintiff offers no authority in his Objections that undermines the Magistrate Judge's determination with regard to this issue. The Court finds the Magistrate Judge's recommendations concerning Plaintiff's first two assertions of error persuasive, and therefore, finds Plaintiff's Objections to be without merit.

The Court finds Plaintiff's Objection with regard to his final assertion of error to be equally without merit. With regard this last assertion of error, Plaintiff asserts that the Magistrate Judge's rationale for rejecting his argument "incorrectly assumes that a limitation may be ignored if it is not 'marked.'" (Pl.'s Objections 16, ECF No. 23.) In his Statement of Errors, Plaintiff asserted that the ALJ erred in not including a limitation relating to Plaintiff's inability to work without interruptions from psychologically based symptoms and to work at a consistent pace without an unreasonable number of rest periods. The Magistrate Judge analyzed this contention of error as follows:

> Finally, Plaintiff contests the validity of the hypothetical question posed to the VE, which elicited testimony to the effect that Plaintiff retained sufficient residual capacity to perform a significant number of jobs. "In order for a VE's testimony to constitute substantial evidence that a significant number of jobs exists, the questions must accurately portray a claimant's physical and mental impairments." *Cole*, 661 F.3d at 939. Plaintiff contends that the ALJ erroneously failed to include a limitation regarding his "diminished ability . . . to complete a normal work day and work week without interruptions from psychologically based symptoms and to work at a consistent pace without an unreasonable number of rest periods." (Pl.'s Stmt. of Errors 15, ECF No. 16.)
>
> The undersigned finds that the ALJ's hypothetical question incorporated all of the limitations the ALJ found credible and supported by the evidence and, therefore, was proper. In formulating the hypothetical, an ALJ is only "required to incorporate those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ concluded that Plaintiff was limited to unskilled work involving no more than one-to-three-step tasks; no direct contact with the general public; working with only small groups of co-works and supervisors; and no work requiring fast production pace or strict time constraints. (*See* R. at 21.) The ALJ did not find Mr. Bousquet's and Mrs. Huggins' conclusions about marked limitations in other areas credible. Plaintiff fails to identify other evidence supporting additional RFC restrictions that the ALJ found credible. Accordingly, the ALJ did not err in relying on the VE's testimony.

(Report and Rec. 20–21, ECF No. 22.)

4

The Court finds that the Magistrate Judge correctly concluded that the ALJ properly included each of the limitations he found credible into the hypothetical question he posed to the VE. Nowhere in her analysis did the Magistrate Judge suggest that the ALJ could ignore a limitation that he found credible so long as the limitation was not "marked." In support of his argument, Plaintiff relies on the mental residual functional capacity ("RFC") assessment forms that Ms. Huggins and Dr. Finnerty completed. The form contains the following statement: "The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (R. at 312, 440.) Next to this statement, Ms. Huggins checked the box labeled "Markedly Limited," and Dr. Finnerty checked the box labeled "Moderately Limited." (*Id.*) In the narrative section, Dr. Finnerty elaborated as follows: "[Plaintiff] is capable of performing tasks in a low stress setting without strict time constraints in a position that does not require him to work directly with the general public." (R. at 313.) The ALJ rejected Ms. Huggins' opinion that Plaintiff was markedly limited in several areas of functioning. He agreed, however, with Dr. Finnerty's conclusions Plaintiff was moderately limited in his ability to perform at a consistent pace. The ALJ therefore included the limitations Dr. Finnerty described into his hypothetical question and also in his RFC calculation. Specifically, he limited Plaintiff to unskilled work involving no more than one-to-three-step tasks; no direct contact with the general public; working with only small groups of co-works and supervisors; and no work requiring fast production pace or strict time constraints. (*See* R. at 21.) Thus, the Court, like the Magistrate Judge, finds no error.

**III.**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections (ECF No. 23), **ADOPTS** the Report and Recommendation (ECF No. 22), and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

   /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**